IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KTM, Ag, | ) |
|     Plaintiff, | ) |
| | )   21-cv-1279 |
| v. | ) |
| | )   Hon. Robert M. Dow, Jr. |
| THE INDIVIDUALS, et al., | ) |
|     Defendants. | ) |

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ENTRY OF A PRELIMINARY INJUNCTION

COME NOW Defendants Cooltoys Sales, Corrida, DEEPSOUND, Disenparts, eStarpro, Goodicare, Googas, Hale Dillon, and JEM&JULES, responding in opposition to Plaintiff's Motion for Entry of a Temporary Restraining Order as follows:

INTRODUCTION

Defendants are sellers with e-commerce storefronts on the amazon.com platform. They sell, among other things, aftermarket components for motorcycles. Plaintiff has provided the Court, in a sealed exhibit to its Motion for Temporary Restraining Order, "evidence" alleging trademark infringement by Defendants. The evidence against Defendants remains sealed, and Defendants will seek an order from the Court unsealing those documents on the morning of May 20, 2021 at the currently-scheduled hearing on Plaintiff's Motion for Preliminary Injunction.

Defendants are certain that any mention of KTM in their listings on amazon.com constitute descriptive fair use and are in no way infringing. Defendants sell aftermarket motorcycle components. Some of them are compatible with KTM products, as well as products from other motorcycle and motorcycle component manufacturers. Defendants are among KTM's

1

competitors in the aftermarket motorcycle component market. When Defendants list parts that are compatible with other brands, they follow the policy recommended by Amazon on its "Amazon Seller Central" resource pages and indicate that the parts are "for" or "compatible with" other brands. This is descriptive fair use and is not an infringing use of the term KTM.

Plaintiff has no basis for a preliminary injunction against Defendants because a) Amazon has removed all listings featuring or arguably featuring the items at issue; b) Defendants will agree to refrain from re-listing any at-issue items until this case is resolved; and c) Defendants stand ready to deposit with the Court the proceeds from any sales of any at-issue items. As Defendants have not yet been provided access to the evidence Plaintiff submitted to the Court in support of its Motion for Temporary Restraining Order they cannot yet determine whether any sales of at-issue items were made, and if so the amount of revenue from any such sales. After being provided access to the evidence, Defendants will supplement this filing and inform the Court of the number of sales and the amount of revenue generated.

## STANDARD FOR PRELIMINARY INJUNCTION

In order to obtain a preliminary injunction, Plaintiff must show 1) that it is reasonably likely to succeed on the merits; 2) that no adequate remedy at law exists; 3) that it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and 4) the injunction will not harm the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir.2010)

Plaintiff is not "reasonably likely" to succeed on the merits of its claims against these Defendants. Plaintiff faces no irreparable harm, as any potentially problematic listings have been removed. The Defendants have already stated that they are willing to deposit with the Court the

2

revenue generated from any sales of at-issue items according to the evidence provided to the Court by Plaintiff until this case is resolved. Moreover, the balance of the harms weigh heavily against Plaintiff and in favor of denying Plaintiff's motion for a preliminary injunction. When the Defendants stores were frozen by Amazon pursuant to the temporary restraining order entered in this case, the Defendants' Amazon seller accounts contained approximately $30,000.00. After the temporary restraining order, and after all related listings were removed by Amazon, funds continued to flow in to Defendants' accounts from sales of the thousands of other items they sell. The restrained amounts, as of May 19, 2021, had increased to approximately $64,000.00. Defendants remain unable to access their funds, with which they pay their employees and their suppliers. Continued denial of access to all of their funds will work a massive hardship on Defendants.

Plaintiff simply cannot show future harm that is sufficiently likely to warrant enjoining Defendants from operating, and denying them access to their financial accounts and their funds, actions which would place them in serious jeopardy of losing their businesses permanently.

I. PLAINTIFF IS NOT REASONABLY LIKELY TO SUCCEED ON THE MERITS

Defendants' use of KTM to describe compatible components and parts in their listings constitutes descriptive fair use. To prevail on either a trademark claim or unfair competition claim, a plaintiff must demonstrate that the defendants' use of a protectable mark is likely to cause confusion among consumers. Phoenix Entm't Partners v. Rumsey, 829 F.3d 817, 822 (7th Cir. 2016). A plaintiff must thus plead allegations that make it plausible that such likelihood of confusion exists. See, Fortres Grand Corp. v. Warner Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir.

2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible).

Instead, Plaintiff pleads facts which demonstrate the implausibility of a likelihood of confusion, namely, Defendant's fair use of Plaintiff's mark. 15 U.S.C. § 1115(b)(4); *See* Packman v. Chi Tribune Co., 267 F.3d 628, 639 (7th Cir. 2001) (observing that when no likelihood of consumer confusion exists, the defendants use is often found to be fair use). Statutory fair use will serve as a complete defense to a claim for trademark infringement if the Defendant can show: (i) it did not use the mark as a trademark; (ii) the use is descriptive of its goods; and (iii) it used the mark fairly and in good faith. Packman, 267 F.3d at 639.

A descriptive term "is one that merely describes the ingredients, qualities, or characteristics of an article of trade or service. Timelines, Inc. v. Facebook, Inc., 938 F. Supp. 2d 781, 793 (N.D. Ill. 2013), *quoting*, Mil-Mar Shoe Co., Inc. v. Shonac Corp., 75 F.3d 1153, 1157 (7th Cir. 1996). Moving Defendants' listings say their parts are "compatible with KTM" or "for KTM." By indicating that their products are compatible with KTM products, Moving Defendants are clearly indicating that the product is not the KTM product, but rather a product offered by each Moving Defendant, often including Moving Defendant's registered brand, that is compatible with a KTM product or product.

Defendants' fair use arguments are strong. They have a very good chance of prevailing in this matter. Defendant is not reasonably likely to succeed on the merits.

II. PLAINTIFF CANNOT SHOW IRREPARABLE HARM.

Amazon has removed all of Defendants' listings of the "at-issue" products. Defendants affirm that they will not list for sale any of the "at-issue" products, nor any other listing bearing

4

Plaintiff's marks, until this matter is resolved. Under these circumstances, Plaintiff cannot show that it faces irreparable harm caused by future use of its marks by these Defendants. As such, the Court should deny Plaintiff's motion for a preliminary injunction with respect to these Defendants.

As for Plaintiff's request for a prejudgment asset restraint of the financial accounts, including but not limited to PayPal accounts, belonging to these Defendants, Plaintiff cannot establish any irreparable harm because it does not intend to seek an accounting or profits in the case (the only basis for such a prejudgment asset restraint in this case) but instead intends to seek statutory damages. *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) (recognizing that a Court's authority to issue a prejudgment asset restraint based on the equitable remedy of accounting of profits is "illusory" if the plaintiff in fact pursues statutory damages as a basis for judgment). Plaintiff's Complaint indicates that it is seeking three times all profits realized by Defendants *or in the alternative* statutory damages in the amount of not less than $1,000 and not more than $2,000,000.00 per each and every use of its trademarks. [ECF No. 1, p. 15] Therefore, since Plaintiff is not genuinely seeking an accounting of profits as a basis for judgments against the these Defendants, Plaintiff lacks the accounting-of-profits-based remedy of a prejudgment asset restraint and therefore faces no irreparable harm related to such.

### III.    THE BALANCE OF HARMS FAVORS DEFENDANTS AND WEIGHS AGAINST ENTRY OF A PRELIMINARY INJUNCTION

Even if Plaintiff were to represent to the Court that it genuinely seeks an accounting of profits—and not statutory damages—as a basis for judgments against Defendants, Plaintiff can

only lawfully restrain the *profits* the five stores generates through their sales of the allegedly "infringing" or "counterfeit" items.

Defendants have not been afforded access to the evidence submitted to the Court by Plaintiff showing the listings at issue in this matter. As such, Defendants have not been able to search the ASINs (the product code) in those listings to determine whether they sold any of the at-issue items and if so, how many. However, Defendants are willing to deposit whatever profits they did collect, if any, from sales of at-issue items with the Court as soon as that information can be ascertained, thereby ensuring the availability of Plaintiff's equitable remedy of accounting of profits for the period of the remainder of this case. Plaintiff has no remaining legal basis to restrain Defendants' financial accounts.

If their stores remain frozen, Defendants will suffer irreparable harm that is disproportionate to any harm to Plaintiff. Defendants sell many different kinds of products, not just motorcycle components. They sell motorcycle components, automobile repair parts, shaver and electric toothbrush repair parts, video game power supplies, charging cables, microphone and headphone cables, as well as dryer and refrigerator parts. Defendant Cooltoys Sales usually has approximately 12,435 listings. Corrida usually has approximately 12,695 listings. DEEPSOUND regularly has approximately 12,275 listings. eStarpro normally has approximately 6,150 listings. Goodicare normally has approximately 13,677 listings. Googas normally has approximately 18,000 listings. Hale Dillon normally has approximately 10,100 listings. JEM&JULES normally has approximately 12,700 listings. The harm will have been caused by one or two listings complained about by Plaintiff among thousands in a case in which they have a very good chance of prevailing. Plaintiff's motion for preliminary injunction should be denied. In the alternative, Plaintiff's motion for preliminary injunction

should be granted only to the extent it requires Defendants to permit Amazon to restrain an agreed-upon sum of money for the duration of this matter, releasing the remaining funds to Defendants, and permitting Defendants to resume business operations. The Plaintiff will not be harmed in doing so, and the stores will be spared suffering huge financial losses caused by being shut down, causing massive financial losses and the potential for losing their businesses in their entirety.

## **CONCLUSION**

Defendants have excellent defenses in this matter. Plaintiff is not reasonably likely to succeed on the merits. If Defendants are completely enjoined from operating they will suffer catastrophic financial losses which may be severe enough to cause them to close permanently. The Court should deny Plaintiff's motion for preliminary injunction. Even if the Court finds that Plaintiff has plausible cause of actions against Defendants, Plaintiff cannot establish the requisite irreparable harm because Amazon has removed all listings complained of by Plaintiff, and Defendants will not create any new listings bearing Plaintiff's marks for the pendency of this case. Finally, Plaintiff has no basis whatsoever to request a prejudgment asset restraint against the Defendants that have made no sales or profits, and should not be able to restrain the financial accounts belonging to those Defendants.

*[This area left intentionally blank.]*

WHEREFORE, the Court should deny Plaintiff's Motion for Entry of a Preliminary Injunction, dissolve the current temporary restraining order, and order Amazon to release Defendants' accounts, or, in the alternative, order a reduced, compromised amount held by Amazon for the pendency of this matter, order Amazon to release the remaining funds, and order Amazon to release the stores to continue to operate.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell, Esq.
THE RUSSELL FIRM, LLC
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
T: 312-994-2424
erin@russellfirmip.com
*Counsel for Defendants Cooltoys Sales, Corrida, DEEPSOUND, Disenparts, eStarpro, Goodicare, Gogols, Hale Dillon, and JEM&JULES*

CERTIFICATE OF SERVICE

This is to certify that on May 19, 2021, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell