**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KTM AG, <br><br>                 Plaintiff, <br><br> vs. <br><br> The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, <br><br>                 Defendants. | Case No. 21-cv-1279 <br><br> Hon. Robert M. Dow, Jr. |

**MOTION TO DISSOLVE OR AMEND PRELIMINARY INJUNCTION**

Defendant Harvest Innovation Global Ltd, identified in "Schedule A" as "Defendant No. 115" moves to dissolve or amend the preliminary injunction order (ECF No. 37) (the "Order") which simultaneously purports to exclude Harvest Inn from its scope (*see* Order at 1, ECF No. 37 purporting to apply only to "Amended Schedule A" defendants, which does not include Harvest Inn), but also includes relief against Harvest Inn (*see* Order at 11).

In support of its Motion, Harvest Inn states as follows:

1.  On May 20, 2021, this Court heard arguments regarding KTM's motion for preliminary injunction (ECF No. 26). Counsel for Harvest Inn appeared provisionally, prior to being formally retained, to inform the Court that Harvest Inn intended to oppose the motion.

2.  At that time, the Court allowed Harvest Inn until Friday May 28, 2021, to file an opposition to that motion and granted KTM until June 4, 2021, to file a reply.

3.  Counsel for Harvest Inn filed an appearance on May 25, 2021 (ECF No. 33) and filed an opposition brief on May 28, 2021 (ECF No. 35). That same day, Harvest Inn moved to

dismiss the complaint by KTM for failing to state a claim, for improper joinder, and for improper service of process in violation of the Hague Convention.

4. Harvest Inn now moves to dissolve the portion of the Order (ECF No. 37) that purports to require an asset freeze of $5,000 against Harvest Inn. Specifically, that paragraph orders "Amazon.com, Inc." . . . [to] maintain a restraint of FIVE THOUSAND DOLLARS ($5,000) of funds in the Amazon seller accounts for . . . No. 115 "Harvest Inn" . . . until final disposition of this case, or until further order of the Court." (Order at 8, ¶ 11).

5. This portion of the Preliminary Injunction should never have been included[1] in the revised proposed order or final order as to Harvest Inn for three reasons:

- First, Harvest Inn did not consent to extension of any asset freeze from the TRO and TROs cannot be extend without consent of the parties;

- Second, no asset freeze is warranted or permissible under Rule 65 pertaining to "statutory damages" because Rule 65 relief is limited to equitable remedies, of which statutory damages under the Lanham Act is not one; and

- Third, KTM has not proved that *any* amount is properly frozen in connection with its Lanham Act lost-profits claim because it provided no evidence of the amount of sales – indeed, KTM has not even identified the allegedly-infringing products either its Complaint or its preliminary injunction motion.

6. The legal basis in support of the second and third points above are more fully explained in Harvest Inn's opposition to KTM's motion for preliminary injunction (ECF No. 35). In sum, they are that: (a) Rule 65 only permits an asset freeze commensurate with the equitable relief sought – here, an accounting for profits on allegedly infringing products and no evidence whatsoever with respect to Harvest Inn was provided in support of the motion, and (b) any assert

---

[1] As it appears that the Order should not have included Harvest Inn at all, this motion is akin to a motion for reconsideration and not to amend a preliminary injunction. Therefore, the burden of proving and supporting the Order ought to remain with KTM.

freeze related to statutory damages is contrary to the Supreme Court's decision in *Grupo Mexicano de Desarrollo, SA v. Alliance Bond Fund, Inc.,* 527 US 308 (1999).

7. Harvest Inn continues to be harmed by the existence of the illegal asset freeze, which expired by its own terms on May 2, 2021, and for the reasons stated in its opposition brief, should not be continued in any form. As such, Harvest Inn requests immediate entry of the requested relief here or the opportunity, as provided under Rule 65, to address the Court on these issues immediately but not more than two days from the filing of this motion.

**Therefore**, Harvest Inn respectfully requests that this Court dissolve the Order in part, specifically, paragraph 11, to remove any reference to Harvest Inn, and further order that unless or until this Court enters a preliminary injunction against Harvest Inn after consideration of its response and KTM's reply (due June 4, 2021), no asset freeze is in place as the TRO has expired by its terms on May 26, 2021.

## CONCLUSION

For the foregoing reasons, Harvest Innovation Global Ltd. respectfully requests that the Court dissolve or amend the Order as noted.

Dated: June 3, 2021

                              Respectfully submitted,
                              /s/ Michael La Porte
                              Michael R. La Porte (mrl@fg-law.com)
                              FLACHSBART & GREENSPOON, LLC
                              333 N. Michigan Avenue, Suite 2700
                              Chicago, IL 60601
                              T: 312-551-9500
                              Attorneys for Defendant,
                              Harvest Innovation Global, Ltd.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on counsel of record who have filed appearances *via* the ECF.