UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KTM AG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 1:21-cv-1279 |
| | ) |
| The Individuals, Corporations, Limited | ) |
| Liability Companies, Partnerships, and | ) |
| Unincorporated Associations Identified | ) |
| On Schedule A Hereto, *et al*, | ) |
| | ) |
| Defendants. | ) |

PETITION FOR COSTS AND FEES PURSUANT TO 15 U.S.C. § 1117(a)

COME NOW, Defendants abaowus, Amarzon-Automotive, Autovic, carbour, Cell Phones Parts, Cherry Electronics, Cooltoys Sales, Corrida, DEEPSOUND, Disenparts, eStarpro, Goodicare, Googas, GOULI1, Hale Dillon, HENXIANGPARTS, HighEndDealUS, JEM&JULES, and JOAUTOPARTS ("Moving Defendants"), by and through counsel, and in support of their Petition for Costs and Fees Pursuant to 15 U.S.C. § 1117(a) shows the Court as follows:

I. INTRODUCTION

Moving Defendants are independently operated Amazon.com storefronts, each of which is in the business of selling, among other products, aftermarket motorcycle parts. Moving Defendants maintain offices in the People's Republic of China. Plaintiff is suing Moving Defendants for trademark infringement under the Lanham Act for selling competing aftermarket motorcycle parts on Amazon, the listings for which include descriptive fair use of the word

"KTM." Each of the listings upon which KTM has based its claims against Moving Defendants includes language indicating that the Moving Defendants' parts are compatible with KTM products. Many of the listings are for products that are compatible with KTM products as well as many other manufacturers, including Kawasaki, Ducati, BMW, Harley Davidson, and Honda.

Many of the Moving Defendants did not have any actual sales of the products upon which Plaintiff has based its claims. Plaintiff's claims against Moving Defendants should be dismissed because Moving Defendants' listings for the products complained about by Plaintiff in this matter constitute descriptive fair use.

Plaintiff filed this matter, among others, and continued to litigate the matter, both by action in the form of filings and inaction in the form of extended delays in responding to inquiries by defense counsel, extending the time Moving Defendants were negatively impacted by the case. Plaintiff solicited settlement negotiations with Moving Defendants, and while Moving Defendants were working with their counsel to gather information to submit a settlement demand to Plaintiff, Plaintiff unilaterally, and without notice, filed a dismissal with prejudice of its claims against Moving Defendants.

II. LEGAL STANDARD

Pursuant to 15 U.S.C. § 1117(a), Moving Defendants are prevailing parties in this matter. *Zila Swabs Techs. v. Van Dyke,* No. 01 C 8729, 2003 WL 1745901, at \*2 (N.D. Ill. Apr. 1, 2003) (Quoting *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th Cir. 1987).

The Seventh Circuit has adopted the more relaxed "totality-of-the-circumstances" approach announced by the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness,*

*Inc.*, 572 U.S. 545, 134 S.Ct. 1749, 188 L.Ed. 2d 816 (2014). *LHO Chi. River, LLC v. Perillo*, 942 F.3d 384, 385 (7th Cir. 2019). "An exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Octane*, 572 U.S. at 554.

III.     ARGUMENT

This case is exceptional because of the weakness of Plaintiff's case. Moving Defendants' use of the term KTM in their product listings was clearly fair use. Plaintiff's own counsel admitted so on the record before Judge Feinerman in another KTM case in this district, known as 1:21-cv-01280. (Ex. A). This case was conducted with the same failure to evaluate the alleged "evidence" against each defendant with care prior to filing. KTM's attorney admitted that they knew a listing that indicated a product was compatible with KTM's product was not infringing, and yet many, many defendants in this and the other KTM cases in this District had listings bearing just such language.

To prevail on either a trademark claim or unfair competition claim, a plaintiff must demonstrate that the defendants' use of a protectable mark is likely to cause confusion among consumers. *Phoenix Entm't Partners v.Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). A plaintiff must thus plead allegations that make it plausible that such likelihood of confusion exists. See,

*Fortress Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible).

Instead, Plaintiff pleads facts which demonstrate the implausibility of a likelihood of confusion, namely, Moving Defendants' fair use of Plaintiff's mark. 15 U.S.C. § 1115(b)(4); *See Packman v. Chi Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001) (observing that when no likelihood of consumer confusion exists, the defendants use is often found to be fair use). Statutory fair use will serve as a complete defense to a claim for trademark infringement if the Defendant can show: (i) it did not use the mark as a trademark; (ii) the use is descriptive of its goods; and (iii) it used the mark fairly and in good faith. *Packman*, 267 F.3d at 639. While fair use is an affirmative defense, the Court may consider an affirmative defense in analyzing a 12(b)(6) motion if the facts necessary to make the determination are evident on the face of the complaint. *Hoopla Sports & Entm't, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 356 (N.D. Ill. 1996), *quoting*, *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief."). Documents not attached to the complaint may be considered if they are referred to in the complaint, are concededly authentic, and are central to the plaintiff's claim. *Hecker v. Deere & Co.*, 496 F. Supp. 2d 967, 972 (W.D. Wis. 2007), *aff'd*, 556 F.3d 575 (7th Cir. 2009), *citing*, *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Moving Defendants' product listings on their online marketplace clearly indicate that the products are sold by Moving Defendants, sometimes under their brands for which they have registered marks, and not from KTM. When a defendant uses other trademarks as source indicators, the action is likely a non-trademark use and is therefore fair use. *Packman*, 267 F.3d at 639-40. Moving Defendants clearly identify themselves as the source of the product in the listing text and in the title of each listing complained about by Plaintiff. Moving Defendants are not infringing KTM's mark.

Moreover, Moving Defendants' use of the term KTM was descriptive. A descriptive term "is one that merely describes the ingredients, qualities, or characteristics of an article of trade or service. *Timelines, Inc. v. Facebook, Inc.*, 938 F. Supp. 2d 781, 793 (N.D. Ill. 2013), *quoting*, *Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1157 (7th Cir. 1996). Moving Defendants' listings say their parts are "compatible with KTM" or "for KTM." By indicating that their products are compatible with KTM products, Moving Defendants are clearly indicating that the product is not the KTM product, but rather a product offered by each Moving Defendant, often including Moving Defendant's registered brand, that is compatible with a KTM product or product.

Plaintiff provided the Court with listings from each of the Moving Defendants' Amazon storefronts in support of its Motion for Temporary Restraining Order. Each of the listings for Moving Defendants contains only sufficient mention of KTM to identify that Moving Defendants' products are compatible with them. The listings contain the following descriptions: The listings complained about by Plaintiff clearly indicate that Moving Defendants are the source of the goods being sold. Use of the phrase "compatible with" or "for" KTM and other brands

including Kawasaki, Yamaha, and Honda describes a characteristic of Moving Defendants' products: namely, that they are compatible with KTM products and not, for example, compatible with other products like Ducati. This is plainly a descriptive use of Plaintiff's trademark. Moving Defendants clearly indicate that their parts are "compatible with" or "for" KTM, which by definition is evidence that they are not representing that they *are* KTM or authorized by KTM. None of the products offered by Moving Defendants bear KTM's logo or name.

Moving Defendant's use of the term KTM was in good faith. A party asserting the fair use defense to trademark infringement "must show that it used the plaintiff's mark fairly and in good faith." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 725 (7th Cir. 2015). Courts may consider the dissimilarity in packaging, labeling, and display of the competing products when assessing good faith by the defendant. *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 600 (7th Cir. 2019). "Mere knowledge" of the plaintiff's mark is insufficient to demonstrate bad faith. *Id*.

It is clear from reviewing Plaintiff's evidence and Moving Defendants' online storefronts that the products are labeled and display patterns that are dissimilar to one another. Compare, the example of KTM's website provided by Plaintiff in its Complaint (ECF No. 1, ¶7) with the listings Plaintiff provided to the Court in support of its Motion for Preliminary Injunction Moving Defendants sell their products from Amazon online marketplace accounts that bear no resemblance to KTM's website. These Amazon listings do not imply any sort of a relationship to KTM's trademarks or KTM's business, and expressly identify themselves by name and brand on the online marketplace. *See*, *Packman*, 267 F.3d at 642; *Ciociola v. Harley-Davidson Inc.*, 552 F. Supp. 2d 845, 864 (E.D. Wis. 2008), as amended (May 28, 2008) (defendant's use of plaintiff's

mark was in good faith where defendant used its own distinctive mark to indicate the product's source, suggesting lack of intent to use plaintiff's mark as a trademark). This removes any likelihood of confusion to consumers that there is some association or sponsorship between Plaintiff and Moving Defendants' products.

Moreover, Amazon provides sellers with guidance on language for their listings and each of the Moving Defendants relied upon and followed that guidance in writing their listings. According to Amazon's "Intellectual Property for Sellers - FAQ about Trademarks," which is posted on Amazon Seller Central, Amazon's resource for sellers on a variety of topics, Moving Defendants followed the rules. According to Amazon's Intellectual Property for Sellers, when a seller is using someone else's trademark in the creation of a product detail page, they can typically use someone else's trademark when they are "making truthful statements that a product is compatible with trademarked product. (Ex. B, ¶6c) Amazon provides total formats for branded compatible products as well as generic compatible products which specifically recommend using the "for/ compatible with/fits/intended for" language in a product listing. (Ex. B, ¶6c)

Moving Defendants "used" the term "KTM" in their product titles in a descriptive manner according to the guidance provided by Amazon and in good faith and Plaintiff does not allege otherwise.

Moving Defendants' "use" of Plaintiff's trademark was also plainly nominative. Such a use of Plaintiff's trademark constitutes nominative fair use because it is solely meant to inform consumers of its compatibility with Plaintiff's product and does not suggest sponsorship or endorsement by Plaintiff. *See, Illinois High Sch. Ass'n v. GTE Vantage Inc.*, 99 F.3d 244, 246

(7th Cir. 1996), as amended (Dec. 3, 1996); *Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc.,* No. 20 C 04711, 2020 WL 7698368, at *2 (N.D. Ill. Dec. 28, 2020) (collecting cases). Borrowing Ninth Circuit analysis, a nominative fair use defense requires that: (i) the product or service in question must be one not readily identifiable without use of the trademark; (ii) only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and (iii) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir.1992); *See, Ty, Inc. v. Publications Int'l, Ltd.,* No. 99 C 5565, 2005 WL 464688, at *6 (N.D. Ill. Feb. 25, 2005) ("The New Kids test provides sound criteria for assessing when nominative use is fair or unfair, despite a likelihood of confusion among consumers.").

Moving Defendants provide aftermarket products that are compatible with products which are sold by KTM, and many other manufacturers. Moving Defendants and KTM are competitors in the aftermarket motorcycle business. Moving Defendants' use of the word "KTM" in the product listing serves merely to identify to consumers that their products will function with Plaintiff's products. Without Moving Defendants' minuscule utilization of the term KTM, a purchaser would not know whether Moving Defendants' product could be compatible with Plaintiff's product. The product listings at issue expressly and plainly identify Moving Defendants as being the source identifiers and do not suggest in any way that Moving Defendant are associated with or sponsored or endorsed by Plaintiff.

Plaintiff's Complaint, and the documents Plaintiff provided to the Court in support of its Complaint and its sealed motions for a temporary restraining order and a preliminary injunction, admit all of the elements of nominative fair use. (ECF No. 1, ¶ 15-20]; (Exhibit A); *Cf.*, *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707, 718 (N.D. Ill. 2014).

IV. CONCLUSION

Moving Defendants, the prevailing parties in this matter, have shown by a preponderance of the evidence that this case is exceptional and an award of costs and fees pursuant to 15 U.S.C. 1117(a) is warranted. Moving Defendants respectfully request that the Court enter an Order granting their petition and awarding reasonable costs and fees in favor of Moving Defendants.

Respectfully submitted,

/s/ Erin K. Russell
The Russell Firm, LLC
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
T: 312-994-2424
F: 312-706-9766
erin@russellfirmip.com

CERTIFICATE OF SERVICE

This is to certify that on September 27, 2021, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell